# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE E. FULLER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-34 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Terrance E. Fuller's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). [Doc. 1] The government has filed its response, and movant filed a traverse and a supplemental traverse, as well as two additional sworn declarations. This matter is fully briefed and ready for decision. For the following reasons, movant's motion will be denied.

### *Background*

On July 10, 2003, movant was indicted with eleven others. Movant was charged with conspiracy to distribute in excess of five (5) kilograms of cocaine, in violation of Title 21, U.S. Code, Sections 846 and 841(a)(1). Movant's property was also named in a forfeiture count. Prior to trial, nine of the eleven defendants pleaded guilty. Movant and his co-defendant Carl Whipple elected to go to trial. The trial was held on December 1-11, 2003. Co-defendants Tommy Bibbs, Demetri Bibbs, and Merlin Kauffman testified against movant on behalf of the government. Following submission of the evidence, the jury found movant guilty as to both counts, with a specific finding that Count I involved more than five (5) kilograms of cocaine.

The undersigned held a sentencing hearing on February 26, 2004. Movant's sentencing range under the U.S. Sentencing Guidelines was calculated to be 188 to 235 months. Due to a prior narcotics conviction, however, the minimum term of imprisonment was 240 months pursuant to Title 21, U.S.C. Section 851. The undersigned sentenced movant to 240 months, to be followed by 10 years of supervised release.

Movant filed a timely appeal, which was submitted to the Eighth Circuit Court of Appeals on the record of the district court and the parties' briefs. United States v. Whipple, 414 F.3d 887 (8th Cir. 2005). Movant appealed the following issues:

- that the trial court erred in that it abused its discretion in denying appellant's 404(b) motion to suppress the following physical evidence and statements: a) evidence found at the store Just Jerseys; b) statement of FBI Agent Kling pertaining to 49 kilograms of cocaine found in a Monte Carlo automobile; c) statement of Robert Buchholz concerning movant's trade and purchase of a motor vehicle; d) checks allegedly given to Tommy Bibbs by movant for services performed; and e) movant's prior conviction;

- that the trial court erred in its failure to make a specific finding that movant was a member of a conspiracy to distribute illegal drugs;

- that the trial court erred in admitting into evidence the hearsay testimony of alleged co-conspirators Tommy Bibbs and Demetri Bibbs;

- that the trial court erred in its failure to make specific findings relating to movant's drug quantity calculations;

- that the trial court erred and unduly prejudiced movant by not ordering the government to turn over, pursuant to the Jencks Act, 18 U.S.C. § 3500, statements from the additional four to five meetings Tommy Bibbs and Demetri Bibbs had with government agents; and

- that the trial court erred in its refusal to allow movant more than 30 minutes for closing argument following a six-day trial.

On July 13, 2005, the Eighth Circuit Court of Appeals affirmed the judgment of the district court. Movant filed a petition for certiorari with the United States Supreme Court, which was denied on January 17, 2006.

In the § 2255 motion before the Court, movant asserts eleven grounds for relief.

<u>Ground One:</u> Counsel was ineffective when he failed to properly advise movant to accept a plea agreement;

<u>Ground Two:</u> The government engaged in prosecutorial misconduct and violated movant's due process rights when it introduced evidence intended to persuade the jury that movant owned or had knowledge of a Monte Carlo containing 49 kilograms of cocaine. Movant also alleges his counsel was ineffective for failing to raise this issue on appeal;

<u>Ground Three:</u> The district court erred and denied movant due process when it limited his closing argument to thirty minutes;

<u>Ground Four:</u> The district court erred when it did not sever movant's trial from that of his co-defendant. Movant also alleges his counsel was ineffective for failing to raise this issue on appeal;

<u>Ground Five:</u> The district court erred by not making a specific finding as to the amount of cocaine involved and attributable to movant. Movant also alleges his counsel was ineffective for failing to raise this issue on appeal;

<u>Ground Six:</u> The government engaged in prosecutorial misconduct and violated movant's due process rights by stating in opening statement that movant, Tommy Bibbs, and Demetri Bibbs put money together to purchase the first kilogram of cocaine – a statement that was false and not proven at trial. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal;

<u>Ground Seven:</u> The district court erred when it allowed the government to introduce evidence and argue the theory of constructive possession based on movant's supposed dominion and control over drugs and other evidence found on the premises of the store Just Jerseys. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal;

<u>Ground Eight:</u> The district court erred when it allowed a government agent to vouch for the truthfulness of Tommy Bibbs's testimony. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal;

3

<u>Ground Nine:</u>  The district court erred when it failed to state on the record that the standard for the admission of co-conspirator hearsay testimony had been met. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal;

<u>Ground Ten:</u>  The district court erred when it allowed the government to introduce into evidence the hearsay statements of Demetri Bibbs because there was no independent evidence of a conspiracy between Mr. Bibbs and movant.  Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal; and

<u>Ground Eleven:</u>  The district court erred in admitting the hearsay statements of Tommy Bibbs at trial because Mr. Bibbs's statements were not in furtherance of any cognizable or proven co-conspiracy.  Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal.

### *Legal Standard*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which movant complains must amount to a fundamental miscarriage of justice.  <u>Davis v. United States</u>, 417 U.S. 333 (1974); <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962).  The Supreme Court has stated that "a collateral challenge may not do service for an appeal."  <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact.'" <u>Sanders v. United States</u>, 341 F.3d 720, 722 (8th Cir. 2003) (quoting <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995)).

## *Discussion*

### A.      **Claims Raised on Appeal**

Many of the grounds movant raises here were raised in his appeal to the Eighth Circuit. Movant raised the following grounds in his direct appeal: Ground Two,[1] the admissibility of the Monte Carlo and 49 kilograms of cocaine; Ground Three, that movant's closing argument was limited to thirty minutes; Ground Five, that the district court failed to make specific finding as to the amount of cocaine; Ground Seven, that the government improperly argued movant had constructive possession over drugs and other items found in the Just Jerseys store; Ground Nine, that the district court failed to state that the standard for co-conspirator hearsay testimony had been met; Ground Ten, that the district court erred by admitting into evidence the hearsay testimony of co-conspirator Demetri Bibbs; and Ground Eleven  that the district court erred by admitting into evidence the hearsay testimony of co-conspirator Tommy Bibbs.  Because movant raised these seven grounds on appeal, he is precluded from asserting them now in his § 2255 motion.  "[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." <u>United States v. Shabazz</u>, 657 F.2d 189, 190 (8th Cir.1981); <u>see</u> <u>also</u> <u>Dall v. United States</u>,

---

[1]Although movant has captioned Ground Two as a claim of prosecutorial misconduct for submitting false and misleading testimony, the substance of Ground Two is about the supposed inadmissability of the 49 kilograms of cocaine found in a Monte Carlo formerly belonging to movant. The admissibility of the Monte Carlo and 49 kilograms of cocaine was raised and addressed on appeal.  <u>United States. v. Davis</u>, 406 F.3d 505, 511 (8th Cir. 2005) (declining to review "the same claim in different clothes").

957 F.2d 571, 572 (8th Cir. 1992). The Court is precluded from reviewing these seven grounds here.

### B. Claims That Could Have Been Raised on Appeal

Movant could have raised on appeal the claims he makes in Ground Four, that the district court erred by not severing his trial from that of his co-defendant; Ground Six, that the government engaged in prosecutorial misconduct and violated his due process rights by making a false statement in opening statement; and Ground Eight, that the district court erred when it allowed a government agent to vouch for the truthfulness of another witness's testimony.[2] If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Frady, 456 U.S. at 168; Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998).

"Cause" under the cause and prejudice test "must be something external to the [movant], something that cannot fairly be attributed to him," for example, a showing that the factual or legal

---

[2]To the extent the issues in Ground One were not raised on appeal, see discussion supra, these issues could have been raised in the direct appeal. Therefore, the analysis in this subsection would also apply to the extent the Court has misconstrued the claims movant intended to raise in Ground One.

basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable. Stanley v. Lockhart, 941 F.2d 707 (8th Cir. 1991) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); see also Greer v. Minnesota, 493 F.3d 952, 957-58 (8th Cir. 2007). Ineffective assistance of counsel in failing to raise an claim on appeal can amount to "cause." Becht v. United Staes, 403 F.3d 541, 545 (8th Cir. 2005). The deficient performance, however, must have been so ineffective as to violate the Federal Constitution. Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

To establish ineffective assistance of counsel, movant must show that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The deficient performance standard for failing to raise a claim on appeal is "rigorous." United States v. Brown, 528 F.3d 1030 (8th Cir. 2008). Counsel is not required to raise every potential issue on appeal. Indeed, the Supreme Court has recognized the "importance of winnowing out weaker arguments on appeal" and focusing on a few key issues. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998) (quotation omitted). On a claim of failure to raise an issue on appeal, the question is not whether counsel's decision to omit an issue on appeal "was an intelligent or effective decision, 'but rather whether his decision was an unreasonable one which only an incompetent attorney would adopt.'" Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir. 1996) (quoting Stokes v. Armontrout, 851 F.2d 1085, 1092 (8th Cir.1988), cert. denied, 488 U.S. 1019 (1989)).

Here, movant's counsel, Eric Tolen, raised six issues on appeal, including an evidentiary issue with five subparts. His counsel filed a 60-page appellate brief and rigorously pursued the appeal. In his affidavit, which was attached to the government's response, Mr. Tolen stated that after conducting legal research, he selected these six issues for strategic reasons because he believed they offered the best chance of success on appeal. Movant has offered no support for his argument that counsel's failure to raise these issues amounts to constitutionally deficient performance. Movant does not assert that he asked his attorney to raise issues on appeal and counsel did not. He merely states, in a conclusory manner, that his counsel was ineffective for failing to appeal these "obvious" issues. Movant's assertion does not amount to contrary evidence to rebut the assumption that counsel's decision to winnow the issues to those he did appeal was anything but sound appellate strategy. As Mr. Tolen stated, he selected the six issues he raised on appeal for strategic reasons – he believed they were movant's strongest arguments. The Court cannot conclude movant's attorney's decision was unreasonable or that he was incompetent. Because movant cannot establish counsel was constitutionally ineffective for failing to raise these issues on appeal, he cannot establish cause to excuse the default and this Court is precluding from reviewing the claims here. See Frady, 456 U.S. at 168; Matthews, 114 F.3d at 113.

C.      **Ineffective Assistance of Counsel Claim**

In movant's one remaining claim, Ground One, movant argues he received ineffective assistance of counsel during plea negotiations. The Strickland two-part test applies to ineffective assistance claims arising out of representation during the pre-trial plea process as well as to other ineffective assistance claims. See Engelen, 68 F.3d at 241. "[A] defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement

would have resulted in a lesser sentence." Id. (citing cases). To establish prejudice, however, movant must show that, but for his counsel's actions, he would have accepted the plea. Sanders, 341 F.3d at 722 (quoting Engelen, 68 F.3d at 241). To be entitled to an evidentiary hearing and avoid dismissal, "the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241. See also Sanders, 341 F.3d at 722.

Movant contends that following his arrest and detention, the government offered him a plea agreement of 135 months. According to movant, his attorney communicated this offer to him, but he did not "explain[ ] the factual particulars of the agreement in layman's terms." According to movant, in response to the offer, he informed his attorney that he would accept a plea of less than 120 months, and asked him to negotiate an agreement under those terms. Movant further contends that his counsel declined to do so and advised movant to go to trial. Movant argues that had his attorney attempted to negotiate a 120-month sentence as he requested, the government may have offered such a plea. But if the government refused to offer a 120-month sentence, "in all likelihood" he would have accepted the 135 month sentence.

Movant has offered no credible evidence that he would have pleaded guilty. First, there is no evidence the government could have or would have offered a sentence of 120 months, which would have been below the guideline range. The government prepared a Plea Agreement, Guidelines Recommendation, and Stipulation of Facts for movant's review sometime in the fall of 2003. The proposed plea agreement estimated movant's total defense level and under the 2002 Sentencing Commission Guidelines Manual, movant's guideline range would have been 135 to 168 months. Movant rejected this plea offer, and he rejected at least two other offers by the government to file a downward departure motion in exchange for movant's cooperation. Second, the movant's self-

serving statement that "in all likelihood" he would have accepted a plea of 135 months is not supported by the evidence. The fact that movant rejected the 135-month[3] offer belies his assertion that he would have accepted the same offer if the government rebuffed his attorney's attempts to negotiate 120 months. But more importantly, it is undisputed that movant was unwilling to cooperate with the government in exchange for a plea. Mr. Tolen stated in his affidavit that movant was adamant that he would not cooperate with the government in any way whatsoever. Movant has not refuted this assertion. Because movant was unwilling to cooperate with the government, the evidence suggests a plea agreement would not have been reached and movant would not have pleaded guilty. Even assuming movant's attorney did not effectively negotiate a plea agreement or adequately explain the terms of the proposed agreements that were offered, there is no evidence movant would have pleaded guilty. The undisputed fact that movant was unwilling to cooperate with the government precludes the Court from finding that he "would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241. Movant's claim in Ground One is without merit.

### *Conclusion*

The Court finds all but one of movant's claims were raised on appeal or could have been raised on appeal. Therefore, these claims are not reviewable in a § 2255 motion to vacate, set aside or correct sentence. As for movant's remaining claim, that his counsel was ineffective for failing to adequately negotiate and advise him during the plea negotiations (Ground One), movant has failed to establish prejudice because there is no evidence he would have accepted a guilty plea.

Accordingly,

---

[3]Nothing in the proposed plea agreement referenced a 135 month sentence, but movant asserts, and the Court accepts for purposes of this motion that movant was offered a plea agreement with a recommended 135 month sentence.

**IT IS HEREBY ORDERED** that movant Terrance Fuller's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED.**

**IT IS FURTHER ORDERED** that movant Terrance Fuller has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 332, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**



Dated this ___8th___ day of February, 2010.