# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRANCE E. FULLER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:07-CV-34 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on movant Terrance E. Fuller's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from final judgment. Movant requests that the Court re-open his § 2255 habeas petition, which was denied in 2010. Movant states that his motion is based on the "inherent defect in the integrity of the proceedings" in light of the fact that his trial and appellate counsel, Eric Tolen, was arrested and convicted of numerous felonies, in addition to being disbarred. Respondent opposes the motion and argues movant is not entitled to the relief he requests because movant's motion is nothing more than a successive habeas petition, which this Court is precluded from reviewing pursuant to 28 U.S.C. § 2244. For the following reasons, the Court will deny movant's request for relief from final judgment.

### *I. Background*

On July 10, 2003, movant was indicted with eleven others. Movant was charged with conspiracy to distribute in excess of five (5) kilograms of cocaine, in violation of Title 21, U.S. Code, Sections 846 and 841(a)(1). Attorney Carter Collins Law was appointed counsel for movant. Ms. Law entered an appearance and filed pretrial motions on movant's behalf. Movant later withdrew

these motions. Sometime thereafter, movant became dissatisfied with Ms. Law's legal representation, and movant hired attorney Eric Tolen to represent him.

Prior to trial, nine of the eleven defendants pleaded guilty. Movant and his co-defendant Carl Whipple elected to go to trial. The trial was held on December 1-11, 2003. Co-defendants Tommy Bibbs, Demetri Bibbs, and Merlin Kauffman testified against movant on behalf of the government. Following submission of the evidence, the jury found movant guilty as to both counts, with a specific finding that Count I involved more than five (5) kilograms of cocaine.

The undersigned held a sentencing hearing on February 26, 2004. Movant's sentencing range under the U.S. Sentencing Guidelines was calculated to be 188 to 235 months. Due to a prior narcotics conviction, however, the minimum term of imprisonment was 240 months pursuant to Title 21, U.S.C. Section 851. The undersigned sentenced movant to 240 months, to be followed by 10 years of supervised release.

Movant's counsel, Mr. Tolen, filed a timely appeal, which was submitted to the Eighth Circuit Court of Appeals on the record of the district court and the parties' briefs. United States v. Whipple, 414 F.3d 887 (8th Cir. 2005). He appealed a number of issues based on supposed trial court error, including that the trial court erred in denying movant's motion to suppress physical evidence and statements, that it failed to make a specific finding that movant was a member of a conspiracy to distribute illegal drugs; that it admitted hearsay testimony into evidence, that it failed to make specific findings relating to movant's drug quantity calculations, and that it refused to allow movant more than 30 minutes for closing argument following a six-day trial. On July 13, 2005, the Eighth Circuit Court of Appeals affirmed the judgment of the district court. Movant filed a petition for certiorari with the United States Supreme Court, which was denied on January 17, 2006.

On January 10, 2007, movant file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). Movant filed a sworn declaration dated January 5, 2007, in support of his § 2255 motion. Movant asserted eleven grounds for relief in his § 2255 motion:

> Ground One: Counsel was ineffective when he failed to properly advise movant to accept a plea agreement;
>
> Ground Two: The government engaged in prosecutorial misconduct and violated movant's due process rights when it introduced evidence intended to persuade the jury that movant owned or had knowledge of a Monte Carlo containing 49 kilograms of cocaine. Movant also alleges his counsel was ineffective for failing to raise this issue on appeal;
>
> Ground Three: The district court erred and denied movant due process when it limited his closing argument to thirty minutes;
>
> Ground Four: The district court erred when it did not sever movant's trial from that of his co-defendant. Movant also alleges his counsel was ineffective for failing to raise this issue on appeal;
>
> Ground Five: The district court erred by not making a specific finding as to the amount of cocaine involved and attributable to movant. Movant also alleges his counsel was ineffective for failing to raise this issue on appeal;
>
> Ground Six: The government engaged in prosecutorial misconduct and violated movant's due process rights by stating in opening statement that movant, Tommy Bibbs, and Demetri Bibbs put money together to purchase the first kilogram of cocaine – a statement that was false and not proven at trial. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal;
>
> Ground Seven: The district court erred when it allowed the government to introduce evidence and argue the theory of constructive possession based on movant's supposed dominion and control over drugs and other evidence found on the premises of the store Just Jerseys. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal;
>
> Ground Eight: The district court erred when it allowed a government agent to vouch for the truthfulness of Tommy Bibbs's testimony. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal;

Ground Nine: The district court erred when it failed to state on the record that the standard for the admission of co-conspirator hearsay testimony had been met. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal;

Ground Ten: The district court erred when it allowed the government to introduce into evidence the hearsay statements of Demetri Bibbs because there was no independent evidence of a conspiracy between Mr. Bibbs and movant. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal; and

Ground Eleven: The district court erred in admitting the hearsay statements of Tommy Bibbs at trial because Mr. Bibbs's statements were not in furtherance of any cognizable or proven co-conspiracy. Movant also alleges his counsel was ineffective for failing to object at trial and raise this issue on appeal.

The government filed a response to movant's § 2255 motion. Attached to its response, the government filed four letters it sent to movant's attorney, Mr. Tolen, dated November 4, 28, and 29, 2003, and January 22, 2004. The government also submitted an affidavit of Eric Tolen, dated March 29, 2007.

On August 22, 2007, movant filed a traverse. Movant attached to his traverse, among other things, excerpts from the trial transcript and an undated affidavit supposedly signed by Roderick Bibbs. On February 5, 2008, movant filed a 31-page "Addendum in Support of Traverse." On January 22 and 26, 2009, movant filed two sworn declarations he executed – one dated January 20, 2009, and other dated January 21, 2009. In these declarations, movant refuted some, but not all, of the statements Mr. Tolen made in his affidavit.

On February 8, 2010, the Court denied movant's motion to set aside or correct sentence. The undersigned found that all but one of movant's claims were raised on appeal or could have been raised on appeal and, therefore, these claims were not reviewable in a § 2255 motion. The remaining

claim, that movant's counsel, Mr. Tolen, was ineffective for failing to adequately negotiate and advise movant during the plea negotiations (Ground One), the Court found was without merit in that movant failed to establish prejudice because there is no evidence movant would have accepted a guilty plea. The Court wrote:

> In movant's one remaining claim, Ground One, movant argues he received ineffective assistance of counsel during plea negotiations. The Strickland two-part test applies to ineffective assistance claims arising out of representation during the pre-trial plea process as well as to other ineffective assistance claims. See Engelen [v. United States, 68 F.3d 238, 241 (8th Cir. 1995)]. "[A] defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement would have resulted in a lesser sentence." Id. (citing cases). To establish prejudice, however, movant must show that, but for his counsel's actions, he would have accepted the plea. Sanders [v. United States, 341 F.3d 720, 722 (8th Cir. 2003)] (quoting Engelen, 68 F.3d at 241). To be entitled to an evidentiary hearing and avoid dismissal, "the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241. See also Sanders, 341 F.3d at 722.
>
> Movant contends that following his arrest and detention, the government offered him a plea agreement of 135 months. According to movant, his attorney communicated this offer to him, but he did not "explain[ ] the factual particulars of the agreement in layman's terms." According to movant, in response to the offer, he informed his attorney that he would accept a plea of less than 120 months, and asked him to negotiate an agreement under those terms. Movant further contends that his counsel declined to do so and advised movant to go to trial. Movant argues that had his attorney attempted to negotiate a 120-month sentence as he requested, the government may have offered such a plea. But if the government refused to offer a 120-month sentence, "in all likelihood" he would have accepted the 135 month sentence.
>
> Movant has offered no credible evidence that he would have pleaded guilty. First, there is no evidence the government could have or would have offered a sentence of 120 months, which would have been below the guideline range. The government prepared a Plea Agreement, Guidelines Recommendation, and Stipulation of Facts for movant's review sometime in the fall of 2003. The proposed plea agreement estimated movant's total defense level and under the 2002 Sentencing Commission Guidelines Manual, movant's guideline range would have been 135 to 168 months. Movant rejected this plea offer, and he rejected at least two other offers by the government to file a downward departure motion in exchange for movant's

cooperation. Second, the movant's self-serving statement that "in all likelihood" he would have accepted a plea of 135 months is not supported by the evidence. The fact that movant rejected the 135-month[1] offer belies his assertion that he would have accepted the same offer if the government rebuffed his attorney's attempts to negotiate 120 months. But more importantly, it is undisputed that movant was unwilling to cooperate with the government in exchange for a plea. Mr. Tolen stated in his affidavit that movant was adamant that he would not cooperate with the government in any way whatsoever. Movant has not refuted this assertion. Because movant was unwilling to cooperate with the government, the evidence suggests a plea agreement would not have been reached and movant would not have pleaded guilty. Even assuming movant's attorney did not effectively negotiate a plea agreement or adequately explain the terms of the proposed agreements that were offered, there is no evidence movant would have pleaded guilty. The undisputed fact that movant was unwilling to cooperate with the government precludes the Court from finding that he "would have pled guilty had he been properly advised." Engelen, 68 F.3d at 241. Movant's claim in Ground One is without merit.

The Court entered Judgment against movant in his § 2255 habeas case on February 8, 2010. On February 19, 2010, movant filed notice that he was appealing the Court's denial of his § 2255 motion. The Eighth Circuit Court of Appeals denied movant's appeal on July 8, 2010. The appellate court also denied movant's motion for a rehearing en banc. Movant filed for a writ of certiorari with the United States Supreme Court, which was denied on April 4, 2011.

On February 6, 2012, movant filed the present motion for relief from final judgment in the above-captioned cause of action. Movant requests relief from the denial of his habeas corpus action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Movant, who is proceeding pro se, argues that the Court should reopen his case based on "a defect in the integrity of the habeas proceedings." See Doc. 32 at 1. Movant states that in April 2007, his attorney, Eric Tolen, was arrested, indicted and later convicted on 34 counts of statutory sodomy. Mr. Tolen was ultimately

---

[1] Nothing in the proposed plea agreement referenced a 135 month sentence, but movant asserts, and the Court accepts for purposes of this motion that movant was offered a plea agreement with a recommended 135 month sentence.

sentenced to 65 years in prison.² Movant also points out that in September 2007, Mr. Tolen's law license was suspended and he was later disbarred in May 2010. Movant argues that the Court denied his § 2255 motion without holding an evidentiary hearing, and that in denying his motion to vacate, the Court credited Mr. Tolen's affidavit and discredited his sworn statements without knowledge of Mr. Tolen's criminal history and disbarment. Movant also argues that Mr. Tolen, who was under criminal investigation, was acting under a conflict of interest at the time he represented movant and that he executed a "fraudulent affidavit" for the government. Movant states in his reply memorandum that he did not become aware of Mr. Tolen's arrest until some time in the summer of 2007 and, therefore, "the issues could not be presented in the § 2255 motion." See Doc. 47 at 2.

## *II. Discussion*

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment and request reopening a case under a limited set of circumstances including fraud, mistake, and newly discovered evidence.³ A habeas petitioner may seek relief from final judgment under Rule

---

²The Court take judicial notice of the fact that on September 15, 2008, Eric Tolen was convicted in the Circuit Court of St. Louis County, Missouri on 36 counts of child molestation and tampering with a witness. See State of Missouri v. Tolen, Twenty-First Judicial Circuit, 07-SL-CR02791. See also Tolen v. Norman, 4:10-CV-2031 RWS-NAB.

³Rule 60(b) provides in relevant part:

On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b).

60(b) in certain circumstances. The Eighth Circuit Court of Appeals has instructed district courts to conduct "a brief initial inquiry" to determine whether a Rule 60(b) motion is actually a second or successive habeas petition. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." Id. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) (per curiam), cert. denied, 545 U.S. 1135 (2005) (citing United States v. Patton, 309 F.3d 1093 (8th Cir. 2002) (per curiam), and Boyd, 304 F.3d at 814).

The Supreme Court has held that a state prisoner's Rule 60(b) motion challenging the denial of federal habeas corpus relief that merely alleges a defect in the integrity of the habeas proceedings and does not attack the merits of the decision to deny the petition or present new grounds for relief from the state conviction is not a second or successive habeas petition subject to the restrictions on such petitions set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005) (Rule 60(b) motion challenging district court's previous ruling on AEDPA statute of limitations was not the equivalent of a successive habeas petition). The Eighth Circuit has explained the Gonzalez decision in detail:

> Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with

AEDPA. Gonzalez, 545 U.S. at 529; see also 28 U.S.C. § 2254; Fed. R. Civ. P. 81(a)(4). AEDPA imposes three requirements on second or successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Gonzalez, 545 U.S. at 529-30. Rule 60(b) creates an exception to the finality of a district court's judgment in a habeas proceeding, so that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Id. at 533.

A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." Gonzalez, 545 U.S. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254 (a) and (d)." Id. at 532 n.4. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Id. at 532. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at n.4. This reasoning is illustrated in Gonzalez, in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA. Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition. Id. at 535-36.

Ward v. Norris, 577 F.3d 925, 932-33 (8th Cir. 2009).

The Supreme Court specifically limited its holding in Gonzalez to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254, 545 U.S. at 529 n.3, even though the provisions of §§ 2254 and 2255 concerning second or successive motions are "similar." Id. Nonetheless, this Court finds that the principles articulated in Gonzalez are applicable in this case, based on the similarities between the applicable rules and statutes. Compare 28 U.S.C. § 2254; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. §§ 2244(b)(1)-(3) with Rule 12, Rules Governing Section 2255 Proceedings for the U.S. District Courts; Fed. R. Civ. P. 81(a)(2); and 28 U.S.C. § 2255, para. 8. See also United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005) (applying Gonzalez analysis to a second or successive motion under § 2255); United States v. Nelson, 465 F.3d 1145, 1147-49 (10th Cir. 2006) (same).

Movant's attempt to characterize his Rule 60(b) motion as limited to challenging a defect in the integrity of the federal habeas proceedings is unavailing. In his motion, movant argues there are three reasons that the Court should grant him relief from final judgment: (1) that in denying his § 2255 motion to vacate on the merits, the Court credited the affidavit and testimony of Mr. Tolen over the movant's own sworn statements without the knowledge that Mr. Tolen was under criminal investigation and later convicted and disbarred; (2) that in opposing movant's § 2255 motion, the government submitted a "fraudulent affidavit" from Mr. Tolen; and (3) that Mr. Tolen was acting under a conflict of interest at the time he represented movant at trial and on appeal, in that Mr. Tolen was under criminal investigation.

Based on Supreme Court precedent as interpreted by the Eighth Circuit, the Court finds movant's three reasons for relief from final judgment are actually "claims." Ward, 577 F.3d 933. Movant's argument that he should be given relief because Mr. Tolen was acting under a conflict of

interest at the time he represented movant is essentially a new claim of ineffective assistance of counsel – in other words, "a federal basis for relief from the judgment of conviction." Gonzalez, 545 U.S. at 530. As for first and second reasons – that the Court improperly credited Mr. Tolen's testimony over his own without the knowledge of Mr. Tolen's criminal history, and that the Court based its decision on a "fraudulent affidavit" – movant is attacking the Court's previous resolution of his ineffective assistance of counsel claim on the merits. Under Supreme Court law as interpreted by the Eighth Circuit, these two purported reasons for Rule 60(b) relief also amount to "claims." Ward, 577 F.3d 933 (citing Gonzalez, 545 U.S. at 530). Therefore, because movant's Rule 60(b) motion is actually a second or successive habeas petition, the motion will be denied based on movant's failure to obtain prior authorization from the Eighth Circuit Court of Appeals. Id.

In the alternative, even if this Court were to construe movant's motion for relief from final judgment not as separate habeas claims, movant still is not entitled to relief under Rule 60(b) because the motion is time-barred. As stated above, Rule 60 allows for relief from final judgment for six specific reasons. Movant does not state under which subsection he is seeking relief. Movant's Rule 60(b) motion would appear to fall under subsection (2), in that he is arguing that he is entitled to relief from the denial of his § 2255 motion based "new evidence" – the fact that his attorney, Mr. Tolen, was under criminal investigation, indicted and later convicted, plus the fact that he was disbarred.[4] It is also possible that movant's Rule 60(b) motion might fall under subsection (3) –

---

[4]The Court should note that it is dubious that subsection (2) would even be applicable here. Subsection (2) only applies where "with reasonable diligence, [the evidence] could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Movant freely admits that he was aware of Mr. Tolen's arrest in the summer of 2007 – around the time he filed his traverse. In fact, movant later filed a number of other documents with the Court in support of his motion to vacate, the most recent of which were his own sworn statements refuting Mr. Tolen's affidavit, dated January 22 and 26, 2009. Yet movant chose not to bring Mr. Tolen's criminal history to the Court's attention while his § 2255 motion was pending.

"fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an adverse party" – in that movant argues the government filed Mr. Tolen's "fraudulent affidavit" in opposition to his motion to vacate.

Even if the Court were to construe movant's motion as seeking relief under either subsection (2) or (3), movant's motion is untimely. Motions pursuant to Rule 60(b)(1), (2), and (3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Movant's Rule 60(b) motion was brought two days shy of two years after the entry of judgment. Movant is precluded from seeking relief pursuant to Rule 60(b)(2) or (3) because it is clear that his motion is untimely. Id.; Lester v. Empire Fire & Marine Ins. Co., 653 F.2d 353, 354 (8th Cir. 1981) (motion based on fraud was time-barred).

What is more, the one-year time limit for motions based on Rule 60(b)(1)-(3) cannot be avoided by bringing the motion under Rule 60(b)(6), the catch-all provision, which allows relief for final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); United States v. Dakota Cheese, Inc. (In re Matter of a Grand Jury Subpoena Directed to Dakota Cheese, Inc.), 923 F.2d 576, 577 (8th Cir. 1991) (motion based on newly discovered evidence is governed by Rule 60(b)(2) and may not be brought after one year under Rule 60(b)(6)). The provisions of Rule 60(b) are mutually exclusive, and if the reason offered for relief falls under on of the more specific subsections of Rule 60(b)(1)-(5), the reason will not justify relief under the catch-all provision of 60(b)(6). Liljeberg v. Health Servs. Corp., 486 U.S. 847, 863 n.11 (1988). See also Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981) (where party moved for relief under subsection (b)(6) for "any other reason justifying relief" but furnished no reason other than alleged newly discovered

evidence, motion was to be reviewed as if it had been made under subsection (b)(2) allowing relief for "newly discovered evidence.").

Therefore, even if the Court were to find movant's motion proper under Rule 60(b)(6), and the one-year time limitation did not apply, a motion under the catch-all provision for relief from judgment must be made within a reasonable time. Movant learned of Mr. Tolen's arrest in the summer of 2007, while his habeas case was still pending. See Doc. 47 at 2. He chose not to bring this fact to the Court's attention in his traverse and supplemental documents, or later file a Rule 59 motion. Movant filed his motion for Rule 60(b) relief for more than four years after he learned of Mr. Tolen's arrest, and almost two years after judgment was entered against him in his habeas case, which is not within a reasonable time. Nucor Corp. v. Nebraska Pub. Power Dist., 999 F2d 372, 374-75 (8th Cir. 1993) (Rule 60(b)(6) motion filed after three years was untimely).

### *III. Conclusion*

This Court finds movant is not entitled to relief from final judgment pursuant to Rule 60(b) because in his motion he raises claims that amount to a second or successive habeas petition. Movant must receive permission from the United States Court of Appeals for the Eighth Circuit before he may bring such claims in this Court. In the alternative, the Court finds movant's motion for relief pursuant to Rule 60(b) is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** movant Terrence E. Fuller's motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **DENIED.** [Doc. 32]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th   day of July, 2013.